IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK COOMBS,** : | CIVIL ACTION NO. 1:05-CV-2308 |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **DONALD KELCHNER, WARDEN** : | |
| **SCI CAMP HILL,** : | |
| : | |
| Respondent : | |

**MEMORANDUM**

Presently before the court is the *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by Derrick Coombs ("Coombs"). Since the filing of the petition, Coombs has also filed a number of motions. (Docs. 66, 69, 71, 74, 75). For the reasons set forth below, the petition will be denied and the motions will be denied as moot.

I.  **Background**[1]

Following a jury trial, Coombs was convicted in the Court of Common Pleas of Centre County of rape, two counts of simple assault, and one count each of indecent assault, false imprisonment and terroristic threats, in violation of 18 PA. CONS. STAT. §§ 3121(2), 2701(a)(1) and (3), 3126(a)(1), 2903 and 2706, respectively. (Doc. 59, p. 24). On March 6, 1995, he was sentenced to seven to twenty years

---

[1] In compiling the factual background in addition to utilizing the documents of record the court also relied on electronic docket sheets, both state and federal, obtained through http:/ujsportal.pacourts.us and the PACER Service Center.

imprisonment for rape, with concurrent sentences on the other charges. (Doc. 59, pp. 16-20).

He filed a timely appeal to the Pennsylvania Superior Court. (Doc. 59, p. 9). The judgment was affirmed on April 16, 1997. (Doc. 59, p. 22). Although he initially filed a petition for allowance of appeal (Doc. 68-4, p. 4), "[t]he record shows no indication that [Coombs] properly sought allowance of appeal before the Supreme Court." (Doc. 59, p. 47). After he filed his petition for allowance of appeal on May 17, 1997, Coombs notified the supreme court that he was "removing" the matter to federal court and the supreme court marked the disposition of the matter as "REMOVED to Fed. Ct." on July 15, 1997. (Doc. 68-4, p. 4).

At the time, Coombs had a petition for writ of habeas corpus pending in the United States District Court for the Western District of Pennsylvania. Coombs v. Sobina, 3:96-CV-0333. Ostensibly, he attempted to "remove" or merge his direct appeal into this pending federal action. Shortly thereafter, Coombs filed a document in the state supreme court and he was notified that "[u]ntil federal court orders otherwise, I believe, your matter here is not active and further filings here are unnecessary." (Doc. 68-4, p. 5). Coombs' petition for removal was denied by the district court in December 2007, and the federal habeas petition was dismissed on January 29, 1998. (Doc. 68-4, p. 17). Coombs appealed the dismissal. According to the United State Court of Appeals for the Third Circuit, "[t]he District Court's order [dismissing his petition] did not remand Coombs's case back to state court. After

the petition was dismissed, the onus was on Coombs to initiate and pursue his state remedies.  In addition, Coombs has not successfully removed any state court actions to federal court; his attempt to remove his direct appeal from the Pennsylvania Supreme Court was denied by the District Court by order entered December 22, 1997."[2]  (Id.).  The Court of Appeals further concluded that his contention that exhaustion should be excused because his direct appeal was still pending had already been rejected by the district court when Coombs requested a certificate of appealability.  (Id.).

It appears that Coombs attempted to invoke the original jurisdiction of the supreme court by filing a "Rule 123 Application for Relief Petition for Writ of Habeas Corpus under the Honorable Court's Original Jurisdiction as Alternative to Processing Allocatur Petition."  (Doc. 68-4, p. 12).  The supreme court declined to hear the matter.  (Id.).

On May 22, 1998, Coombs filed a petition pursuant to the Post Conviction Relief Act, 42 PA. CONS. STAT. § 9541, *et seq.*, in the Court of Common Pleas.  (Doc. 58, p. 32; Doc. 60, p. 45).  On June 23, 1998, the petition was denied as premature pursuant to Commonwealth v. O'Neil, 393 Pa.Super. 111, 573 A.2d 1112 (1990).  No appeal was taken.  (Doc. 60, p. 45, Pennsylvania Superior Court opinion dated 2/4/02).

---

[2]According to the docket of Coombs v. Sobina, Civil Action No. 3:96-CV-0333, United States District Court for the Western District of Pennsylvania, the order denying the "Hearing on Removal Petition" was filed on December 10, 1997.

On June 30, 1998, Coombs filed a second petition.  (Doc. 60, pp. 30-32).  On June 10, 1999, the court denied the petition as follows:

> [I]ssues which have been litigated on direct appeal from a conviction are barred from being relitigated in a post conviction proceeding.  <u>Commonwealth v. Morris</u>, 546 Pa. 296, 684 A.2d 1037 (1996); *U.S. cert. denied* 117 S.Ct. 2484, 138 L.Ed.2d 992.
>
> Instantly, Petitioner is attempting to raise issues which were previously raised in Petitioner's Post-Sentence Motions.  In its Opinion and Order dated April 16, 1997, the Pennsylvania Superior Court, in affirming this Court's Judgment of Sentence, stated:
>
>> [Petitioner] claims the trial court erred in declining to recuse itself from disposition of post-sentence motions.  A trial court's decision to grant or deny recusal will not be disturbed absent an abuse of discretion.  <u>Commonwealth v. Mercado</u>, 437 Pa.Super. 228, 649 A.2d 946 (1994). [Petitioner] presents no evidence of bias or prejudice in the trial court's rulings or comments.  We find no abuse of discretion in declining appellant's invitation.
>
> <u>Commonwealth v. Coombs</u>.  Memorandum and Judgment, 675 Hbg. 1995 (4/16/97).
>
> Additionally, Petitioner previously filed other motions raising the same, if not identical, issues contained within Petitioner's instant PCRA petition. . . . Both motions were denied by Orders of this Court, filed on or about June 21, 1995.

(Doc. 60, p. 31).  There is no indication that an appeal was taken from this order.

Coombs filed a petition for writ of habeas corpus in state court in 2000. On January 23, 2001, the court denied the petition. "Upon appeal of that matter and several other matters, a panel of th[e] Court remanded the matter with instructions for the court to determine whether the instant petition should be treated as a PCRA petition. Commonwealth v. Coombs, 797 A.2d 1022 (Pa. Super. 2001) (unpublished memorandum) [(Doc. 60, p. 44-52, Pennsylvania Superior Court opinion dated 2/4/02.)]. On remand, the court determined that the petition constituted a PCRA petition. After holding a hearing, the PCRA court dismissed the petition as untimely." (Doc. 61, p. 54, Court of Common Pleas opinion dated 5/29/02; Doc. 59, p. 48, Pennsylvania Superior Court opinion dated 7/10/03). He appealed and the superior court affirmed. (Id.).

Thereafter, Coombs filed a plethora of petitions and motions before the Pennsylvania state courts (Doc. 57, pp. 5-8, ¶ 10; Doc. 59, p. 45; Doc. 60, pp. 38-42, p. 44; Doc. 61, p. 5; Doc. 61, p. 17), the details of which will not be addressed because they have no impact on the present proceedings.

He also filed an additional petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this district, Coombs v. Dragovich, 4:CV-01-0696. (Doc. 61, pp. 19-54). In dismissing the petition and an amended petition without prejudice for failure to exhaust administrative remedies the court stated that the documents "lack any semblance of clarity, and despite this Court's repeated efforts, it is unable

5

to determine with any degree of certainty what claims are exhausted." (Doc. 61, p. 49). The dismissal was affirmed on appeal. (Doc. 61, p. 46).

The present action was initiated on November 7, 2005. On February 9, 2006, Coombs filed a petition in which he raises a whole host of issues, including actual innocence, lack of personal and subject matter jurisdiction, denial of right to appeal, and new evidence.[3] (Doc. 9).

## II. Discussion

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

---

[3] Although Coombs primarily identifies the issues as having been pursued in collateral relief proceedings, some of the issues he raises may be construed as having been presented in the direct appeal proceedings.

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  See 28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).  Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts."  Castille v. Peoples, 489 U.S. 346, 351 (1989).  Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits.  Id.

Coombs was required to present his direct appeal issues to the supreme court, and failed to do so.[4]  If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted.  Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001);  Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297-98 (1989).  Although deemed

---

[4]The Pennsylvania Supreme Court issued the following order on May 9, 2000:

> [W]e hereby recognize that the Superior Court of Pennsylvania reviews criminal as well as civil appeals.  Further, review of a final order of the Superior Court is not a matter of right, but of sound judicial discretion, and an appeal to this court will be allowed only when there are special and important reasons therefor. Pa. R.A.P. 1114.  Further, we hereby recognize that criminal and post-conviction relief litigants have petitioned and do routinely petition this Court for allowance of appeal upon the Superior Court's denial of relief in order to exhaust all available state remedies for purposes of federal habeas corpus relief.
>
> In recognition of the above, we hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error.  When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.  This Order shall be effective immediately.

However, Order 218 became effective as of May 9, 2000, and is not retroactive.  See Wenger v. Frank, 266 F.3d 218 (3d Cir.2001).  Therefore, in this case, petitioner was required to present his issue to the supreme court, but failed to do so.

exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." See United States v. Frady, 456 U.S. 152, 170 (1982).

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

Pennsylvania state courts hold that "issues which have been litigated on direct appeal from a conviction are barred from being relitigated in a post conviction proceeding," and state procedural rules bar further state court review. (See Doc. 60, p. 31, Court of Common Pleas of Centre County Opinion and Order citing Commonwealth v. Morris, 546 Pa. 296, 684 A.2d 1037 (1996). Consequently, inasmuch as Coombs attempts to pursue relief on any claims raised in his direct appeal, these claims are procedurally defaulted and federal court review is only permitted if he can demonstrate cause and actual prejudice.

Coombs argues that he has been denied the right to appeal by constant fraud, obstruction of justice, refusal to obey the law as written and avoidance of federal rights. This argument is insufficient to sustain his burden of showing "cause" for his default. Examples of "cause" that are "external to the defense" include interference by the state with the conduct of a defense or the previous unavailability of the factual or legal basis of a claim. The situation presented here is not the type of conduct that satisfies the "cause" requirement. See Coleman, 501 U.S. at 752 (concluding that "ignorant or inadvertent procedural default" does not satisfy the cause element of cause and prejudice). Coombs chose to "remove" his direct appeal to federal court. The Pennsylvania Supreme Court promptly notified him that this action rendered his appeal inactive. Further, he was notified by federal court that his petition for removal would not be entertained. At that point, as previously noted by the United States Court of Appeals for the Third Circuit, the

onus was on Coombs to pursue his direct appeal with the state court. He failed to do so. There is nothing in the record to support a finding of cause and prejudice, or a miscarriage of justice, to excuse this procedural default.

Coombs fares no better in attempting to advance claims that were pursued through collateral relief. After his judgment became final on May 16, 1997 (Doc. 59, pp. 47-48, Pennsylvania Superior Court opinion dated 7/10/03 considering appeal from PCRA Order, citing 42 Pa.C.S.A. § 9545(b)(3)[5]; Pa.R.A.P. 1113), he had one year to file his petition in federal court. Specifically, section 2244(d)(1) states that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court." Under §2244(d)(1)(A), the limitations period begins to run from the date on which the judgment became final by the issuance of a final decision on direct appeal, or by the expiration of the time period for seeking such review. Id.; see Morris v. Horn, 187 F.3d 333, 337, n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999). In computing the one-year period, Section 2244(d)(2) provides, however, that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[5]For purposes of PCRA, judgment of sentence becomes final at conclusion of direct review, including discretionary review in Supreme Court of the United States and Supreme Court of Pennsylvania, or at expiration of time for seeking review.

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).[6]

The statute of limitations expired on May 16, 1998. Despite Coombs's contention that he filed his initial PCRA in April 1998, it is clear from the pertinent docket sheets and subsequent state court opinions that he did not file his initial PCRA until May 22, 1998, after the federal statute of limitations had expired. As such, it did not operate to toll the statute. Consequently, any claims that Coombs attempts to bring that were pursued in the collateral relief forum are untimely.

With regard to equitable tolling, generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. Diguglielmo, 544 U.S. 408, 417 (2005). Courts in the Third Circuit addressing habeas petitions have concluded that equitable tolling may be found when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999). See also Johnson v. Hendricks, 314 F.3d 159, 162 (3d Cir. 2002) (reaffirming the principles of equitable tolling enunciated in Jones v. Morton;

---

[6]Significantly, the filing of a federal habeas petition does not toll the statute of limitations for a later habeas petition. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (holding that a petitioner is entitled to statutory tolling only for pending state review).

Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (same); Fahy, 240 F.3d at 244 (same). The Third Circuit recently emphasized that equitable tolling should be applied sparingly. See Lacava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005). Coombs fails to meet any of the above criteria. He therefore cannot take advantage of equitable tolling.

### III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied and all pending motions will be denied as moot.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

Dated:     May 29, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK COOMBS,** | : | **CIVIL ACTION NO. 1:05-CV-2308** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **DONALD KELCHNER, WARDEN SCI CAMP HILL,** | : | |
| Respondent | : | |

## ORDER

AND NOW, this 29th day of May, 2007, upon consideration of the petition for writ of habeas corpus (Doc. 9), it is hereby ORDERED that:

1. The petition is DENIED.

2. All pending motions (Docs. 66, 69, 71, 74, 75) are DENIED as moot and the Clerk of Court is directed to TERMINATE those motions.

3. A certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c).

4. The Clerk of Court is further directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge