IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK COOMBS,** | : CIVIL ACTION NO. 1:05-CV-2308 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **DONALD KELCHNER, WARDEN SCI CAMP HILL,** | : |
| Respondent | : |

### ORDER

Presently before the court is petitioner's motion for relief from judgment pursuant to FED. R. CIV. P. 60(b). (Doc. 77). Therein, petitioner seeks relief from this Court's May 29, 2007 memorandum and order (Doc. 76) denying his petition for writ of habeas corpus. He also seeks "summary judgment" on all issues raised in his habeas petition or, in the alternative, a hearing. (Doc. 82).

The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. and Welfare, 572 F.2d 976, 977 (3d Cir. 1978). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'" Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). However, a "Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988). FED. R. CIV. P 60(b) provides the

following:

> Rule 60. Relief From Judgment or Order
>
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules. See R. GOVERNING § 2254 Cases R. 4; see FED. R. CIV. P. 81(a)(2). The District Court has jurisdiction "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). The Court gives "fraud on the federal habeas court" as an example of such a defect in integrity. Id. n. 5.

Petitioner seeks to vacate the memorandum and order because this court committed fraud by "illegally" considering electronic docket sheets, failing to examine the entire record, and misstating pertinent facts. However, in order to succeed on a 60(b)(3) motion, the movant must prove by clear and convincing

evidence that the *adverse party* engaged in fraud or other misconduct and that the misconduct prevented it from "fully and fairly presenting its case."  See Katz v. Twp. of Westfall, 2007 WL 1366780 at *4 (M.D. Pa. May 7, 2007), citing Bandai America Inc. v. Bally Midway Mfg. Co., 775 F.2d 70, 73 (3d Cir. 1985) (emphasis added).  Petitioner does not assert fraud on the part of an adverse party and legal error on the part of the court does not warrant the application of Rule 60(b).  "The correction of legal errors committed by the district courts is the function of the Courts of Appeals.'" Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 173 (3d Cir. 2004) (quoted case omitted).  Moreover, an unsupported fraud claim layered on top of restated allegations from a previous habeas petition does not properly state a claim under Rule 60(b)(3).  See Jones v. Shannon, No. 06-2147, 2007 WL 3102816, at*2 (E.D. Pa. October 19, 2007).  Petitioner's motion will be denied.

The foregoing determination renders moot petitioner's motion for summary judgment or, in the alternative, for a hearing on all the issues raised in his petition.

AND NOW, this 12th day of December, 2007, it is hereby ORDERED that:

1. Petitioner's motion pursuant to FED. R. CIV. P. 60(b) (Doc. 77) is DENIED.

2. Petitioner's motion for "summary judgment" and for a hearing (Doc. 82) is DENIED as moot.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge