# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK COOMBS,** : | CIVIL ACTION NO. 1:05-CV-2308 |
| : | |
| Petitioner : | (Chief Judge Conner) |
| : | |
| v. : | |
| : | |
| **DONALD KELCHNER, WARDEN,** : | |
| **SCI CAMP HILL,** : | |
| : | |
| Respondent : | |

## MEMORANDUM

On May 29, 2007, this Court dismissed petitioner Derrick Coombs' ("Coombs") petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Coombs v. Kelchner, No. 1:05-CV-2308, 2007 WL 1545408 (M.D.Pa. May, 29, 2007). Presently before the Court is Coombs' motion (Doc. 97) to reopen the matter and to hold an evidentiary hearing in light of the holding in McQuiggin v. Perkins, — U.S. —–, 133 S.Ct. 1924 (2013). Also pending is Coombs' motion (Doc. 101) to expedite. For the reasons set forth below, the motions will be denied.

## I.  Background

Following a jury trial, Coombs was convicted in the Court of Common Pleas of Centre County of rape, two counts of simple assault, and one count each of indecent assault, false imprisonment and terroristic threats, in violation of 18 PA. CONS. STAT. §§ 3121(2), 2701(a)(1) and (3), 3126(a)(1), 2903 and 2706, respectively. (Doc. 59, p. 24). On March 6, 1995, he was sentenced to seven to twenty years

imprisonment for rape, with concurrent sentences on the other charges.  (Doc. 59, pp. 16-20).

This action was initiated on November 7, 2005, *via* a "motion for preliminary cause and prejudice hearing . . . "  (Doc. 1.)  On February 9, 2006, Coombs filed a formal petition in which he raised a whole host of issues, including actual innocence, lack of personal and subject matter jurisdiction, denial of right to appeal, and new evidence.  (Doc. 9).  On May 29, 2007, this Court issued an order finding the claims contained therein to be procedurally defaulted and untimely.  Coombs v. Kelchner, No. 1:05-CV-2308, 2007 WL 1545408 (M.D.Pa. May, 29, 2007).  On June 7, 2007, Coombs filed a "Rule 60(b) motion to vacate order for fraud and error or alternatively to vacate order and reassign case to unbiased honest judge for honest decision," which was denied on December 12, 2007.  Coombs v. Kelchner, No. 1:05-CV-2308, 2007 WL 4365740 (M.D.Pa. Dec. 2007).  Coombs filed a notice of appeal with the Third Circuit Court of Appeals.  The notice was construed as a request for a certificate of appealability under 28 U.S.C. § 2253(c)(1) and, on July 9, 2008, the Third Circuit denied the request.  (Docs. 95-96.)  Now pending is Coombs' "F.R.C.P. Rule 60 motion to reopen the case and for evidentiary hearing based on recent ruling of United States Supreme Court."  (Doc. 97.)

II. **Standard of Review**

Federal Rule of Civil Procedure 60(b)(6) provides:  "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief."  A party

2

seeking such relief must demonstrate that he filed his motion within a "reasonable time" and the existence of "extraordinary circumstances." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d. Cir. 2008.); FED.R.CIV.P. 60(c)(1).

**III.   Discussion**

Coombs argues that this Court should reopen his habeas matter because the Supreme Court recently ruled in McQuiggin v. Perkins, — U.S. —, 133 S.Ct. 1924 (2013) "that actual innocence claims, can, and may proceed in 2254 actions, regardless of procedural irregularities, or any time constraints imposed by the A.E.D.P.A. in 2254 actions." (Doc. 97, ¶ 6.)

Respondent asserts that Coombs' motion is untimely. (Doc. 99, ¶ 6.) The Third Circuit Court of Appeals has clarified that relief under Rule 60(b)(6) "is not subject to an explicit time limit." In re Diet Drugs (Phenermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010). Instead, "[w]hat constitutes a 'reasonable time' depends on the circumstances of each case. A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." Id. (internal citations omitted). In seeking to reopen his matter, Coombs relies upon the McQuiggan opinion, which was handed down by the United States Supreme Court on May 28, 2013. He represents that the opinion was received by the prison law library on or about June 13, 2013. (Doc. 97, ¶ 6.) He filed the instant motion on August 6, 2013. Because Coombs sought to reopen his matter within approximately eight weeks of when he received notice of the

3

McQuiggan opinion, the court concludes that his motion was filed within a reasonable time.

Respondent also argues that Coombs has failed to plead and prove eligibility for relief. (Doc. 99, ¶¶ 6-7.) A litigant moving under Rule 60(b)(6) must show "extraordinary circumstances" to justify reopening a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 536 (2005). To demonstrate "extraordinary circumstances," a movant must show that an "extreme" and "unexpected hardship" will result from a court's decision to decline relief from judgment. Budget Blinds, Inc., 536 F.3d at 255 (citations omitted). It is Coombs' position that because his § 2254 "petition contained numerous well pled averments of actual innocence," the McQuiggan ruling warrants reopening his case. (Doc. 97, ¶¶ 2-3, 6.)

In McQuiggin, 133 S.Ct. at 1931, 1933, the Supreme Court reaffirmed that there is an "equitable exception" to the statute of limitations applicable to habeas claims, but "only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.' " Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (quoting McQuiggin, 133 S.Ct. at 1933). Thus, actual innocence, if proved, serves as a gateway through which a petitioner may pass when faced with procedural impediments such as the expiration of the statute of limitations. McQuiggan, 133 S.Ct. at 1928. The Supreme Court emphasized, however, the demanding nature of the test for permitting the gateway to open: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the

4

outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " McQuiggan, 133 S.Ct. at 1936 (quoting Schlup, 513 U.S. at 316). For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). The limited nature of this exception is underscored by the Court's explicit observation that "tenable actual- innocence gateway pleas are rare." Id. (quoting Schlup, 513 U.S. at 329.)

In his 2005 petition, under the heading of "Actual Innocence," Coombs states that the "alleged victims [sic] story has been shown to be humanly impossible and is directly contradicted by facts of record." (Doc. 9, at 14.) He alleges that the victim testified falsely during hearings and at trial and that the Commonwealth suborned perjury and manufactured evidence in obtaining his conviction. (Id. at 14, 17, 24-25.) Fatal to the instant petition, actual innocence claims focus on "new" evidence—"relevant [exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical] evidence that was either excluded or unavailable at trial." Schlup, 513 U.S. at 327–28. At no time, either in 2005 or at present, has Coombs produced any new evidence that would persuade this Court that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. To the contrary, Coombs' arguments focus on the interpretation and rehashing of physical evidence and testimony adduced during the state court proceedings.

5

Because Coombs' case is not one of those "rare" cases, which presents new reliable evidence that was not presented at trial, the equitable exception to § 2244(d)(1) is not available to him.  He therefore fails to demonstrate  the extraordinary circumstances necessary to warrant reopening his case.

### III.    Conclusion

Based on the foregoing, Coombs' motion (Doc. 97) to reopen the matter and to hold an evidentiary hearing, and motion (Doc. 101) to expedite will be denied.

An appropriate order will issue.

>  /S/ CHRISTOPHER C. CONNER
> Christopher C. Conner, Chief Judge
> United States District Court
> Middle District of Pennsylvania

Dated:         February 18, 2014